IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3140 |
| | § | |
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This insurance dispute arises from a storm that allegedly damaged Gerald Brown's home in January 2018. (Docket Entry No. 1-1 at ¶ 8). In August 2018, Brown sued Liberty Insurance Corporation in Texas state court, alleging that Liberty breached the property insurance policy it issued to Brown and violated the Texas Insurance Code. (*Id.* at ¶¶ 14–21). Invoking diversity jurisdiction under 28 U.S.C. § 1332(a), Liberty removed in September 2018. (Docket Entry No. 1). In November 2018, Liberty moved to dismiss Brown's state-court petition under Federal Rule of Civil Procedure 12(b)(6), arguing that the petition fails to satisfy Rules 8(a) and 9(b) because it alleges only conclusory statements and "provide[s] no specifics." (Docket Entry No. 20 at 5). Brown responded that the petition is "arguably deficient," and he requested leave to amend. (Docket Entry No. 25 at 3, 4).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible

1

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Rule 9(b) requires that, "[i]in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). A claim that a fraud allegation is not made with the particularity required by Rule 9(b) is properly raised by a Rule 12(b)(6) motion to dismiss. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009).

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court in its discretion may

deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

The petition alleges three causes of action—breach of contract, failure to timely pay a claim under Texas Insurance Code § 542.051, and bad faith involving fraud under Texas Insurance Code §§ 541.051, 541.060, and 541.061. (Docket Entry No. 1-1 at ¶¶ 14–21). Rule 8(a) governs the first two claims. Because the third cause of action alleges fraud, it must comply with Rule 9(b).

A review of the petition shows that it does not meet federal pleading standards. The petition sets out Brown's factual allegations in six short paragraphs, none of which provide the clarity required by Rule 8(a), much less Rule 9(b). (*Id.* at ¶¶ 7–12). Brown alleges only three facts. He was a named insured under a policy issued by Liberty; his house was damaged by a storm in January 2018; and he filed a claim under the policy. (*Id.* at ¶¶ 7–8). The other allegations are unsubstantiated assertions and conclusory statements that, according to Brown, "complied with Texas's lenient 'fair notice' pleading standard[s]." (*Id.* at ¶¶ 9–12; Docket Entry No. 25 at 2). Brown has not yet amended his petition, and plaintiffs generally receive at least one opportunity to amend, absent a showing of futility.

Liberty's motion to dismiss is granted, without prejudice and with leave to amend. Brown must file an amended complaint by **January 25, 2019**.

SIGNED on December 12, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge