IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3140 |
| | § | |
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Gerald Brown sued Liberty Insurance Corporation over an insurance dispute, asserting contract breach and violations of the Texas Insurance Code. (Docket Entry Nos. 1-1, 28). After settlement negotiations failed to resolve the case, Liberty invoked the policy's appraisal provision. (Docket Entry No. 30 at 2). The court granted the parties' joint motion to abate pending an appraisal. (Docket Entry No. 31). After completing the appraisal, Liberty moved for summary judgment, arguing that the appraisal discharged its contractual obligations to Brown and estopped him from pursuing his contractual and extra-contractual claims. (Docket Entry No. 32). Brown responded that Liberty failed to authenticate the policy and a check sent to Brown; Liberty failed to plead estoppel as an affirmative defense; and that his extra-contractual claims survive appraisal. (Docket Entry No. 33). Liberty did not reply.

A review of the policy and the check Liberty submitted shows that they have not been authenticated, as Federal Rule of Evidence 901 requires. (Docket Entry Nos. 32-1, 32-8). Liberty included a cover letter signed by an office assistant "certify[ing]" that the policy is the one Brown signed. The office assistant does not state the basis of her knowledge, the certification is not testimony, and the submission is inadequate to show that the document is the policy at issue. *See*

*Keller v. Coastal Bend Coll.*, 629 F. App'x 596, 599–600 (5th Cir. 2015).  Nor has Liberty submitted a basis to show the check's authenticity.

As to Liberty's estoppel argument, Brown is correct that "affirmative defenses must be presented in the answer." *Brandberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 553 (5th Cir. 2013). But, as the Fifth Circuit has explained, "if the defense is later presented in a manner that does not result in unfair surprise, technical failure to comply precisely with [Federal Rule of Civil Procedure] 8(c) is not fatal." *Id.* (quotation and alteration omitted).  The court may consider Liberty's estoppel defense "if it was raised at a pragmatically sufficient time, and [Brown] was not prejudiced in [his] ability to respond." *Id.* (quotation omitted).  The parties completed the appraisal, trial dates have not been set, and Brown has responded to Liberty's estoppel defense. The defense is raised in time to avoid any unfair surprise or prejudice.

The court denies Liberty's motion for summary judgment, without prejudice.  (Docket Entry No. 32).  Liberty may refile its motion for summary judgment by **June 28, 2019**, attaching to it properly authenticated documents.  Brown may respond by **July 19, 2019**, and Liberty may reply by **July 26, 2019**.  The status conference set for **June 12, 2019, is canceled**.  The court will hold a hearing to hear argument on **August 12, 2019, at 2:00 p.m.** in Courtroom 11-B.

SIGNED on June 10, 2019, at Houston, Texas.

                                              Lee H. Rosenthal
                                    Chief United States District Judge